ACCEPTED
01-15-00124-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/26/2015 7:04:12 PM
CHRISTOPHER PRINE
CLERK

**CAUSE NO. NO. 01-15-00124-CV**

**IN THE**

**1ˢᵗ COURT OF APPEALS**

**HOUSTON**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/26/2015 7:04:12 PM
CHRISTOPHER A. PRINE
Clerk

_____

**SOUTHWEST PIPE SERVICES, INC. and JOE BRIERS**

**Appellant**

**vs.**

**SUNBELT RENTALS, INC.**

**Appellees**

_____

**APPEALED FROM THE COUNTY COURT AT LAW NO. 2 OF
FORT BEND COUNTY, TEXAS**
_____

**APPELLANT'S BRIEF**
_____

**Jason A. Powers**
SBOT 24027745
P.O. Box 272425
Houston, Texas 77277
Tele: (832) 647-8493
Fax: (832) 415-0593
jason@jasonapowers.com

**APPELLANT REQUESTS AN ORAL ARGUMENT**

CAUSE NO. NO. 01-15-00124-CV

IN THE

1st  COURT OF APPEALS

HOUSTON
_____

SOUTHWEST PIPE SERVICES, INC. and JOE BRIERS

Appellant

vs.

SUNBELT RENTALS, INC.

Appellees

_____

APPEALED FROM THE COUNTY COURT AT LAW NO. 2 OF
FORT BEND COUNTY, TEXAS
_____
IDENTITIES OF PARTIES COUNSEL
_____

| | |
|---|---|
| **Jason A. Powers** | **ORLANDO  & ORLANDO** |
| SBOT 24027745 | Monica Schulz Orlando |
| P.O. Box 272425 | 440 Louisiana, Ste 1110 |
| Houston, Texas 77277 | Houston, Texas 77002 |
| Tele:  (832) 647-8493 | Tele:  (713) 521-0800 |
| Fax:   (832) 415-0593 | Fax: (713) 521-0842 |
| jason@jasonapowers.com | monicaorlando@orlandollp.com |
| **ATTORNEYS FOR APPELLANT** | **ATTORNEY FOR APPELLEES** |

# TABLE OF CONTENTS

**TABLE OF CONTENTS**..................................................................... **iii**

**TABLE OF AUTHORITIES**............................................................ **iv**

**STATEMENT OF THE CASE** ........................................................ **6**

**QUESTIONS PRESENTED**............................................................. **8**

**SUMMARY OF THE ARGUMENT** .................................................. **9**

**ARGUMENT & AUTHORITIES**...................................................... **10**

**CERTIFICATE OF SERVICE** ........................................................ **13**

**ADDENDUM** ............................................................Error! Bookmark not defined.

# TABLE OF AUTHORITIES

**CASES**

*Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989)................................................. 10

*City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979) ................................................................................................................................. 10

*Collins v. County of El Paso*, 954 S.W.2d 137, 145 (Tex.App.—El Paso 1997, pet. denied)........................................................................................................................ 10

*Huckabee v. Time Warner Entm't Co.,* 19 S.W.3d 413, 422 (Tex.2000).............. 10

*Nixon. v. Mr. Propery Mgmt. Co*., 690 S.W.2d 546, 549 (Tex. 1985).................. 10

**STATUTES**

Civil Practice and Remedies Code section §33.004 (a). ........................................ 11

Civil Practice and Remedies Code section 33.011(6) ........................................ 9, 11

Civil Practice and Remedies Code section §33.004(f)........................................... 11

Civil Practice and Remedies Code section 33.004 ...................................... 9, 11, 12

**CAUSE NO. NO. 01-15-00124-CV**

**IN THE**

**1st COURT OF APPEALS**

**HOUSTON**

_____

**SOUTHWEST PIPE SERVICES, INC. and JOE BRIERS**

**Appellant**

**vs.**

**SUNBELT RENTALS, INC.**

**Appellees**

_____

**APPEALED FROM THE COUNTY COURT AT LAW NO. 2 OF
FORT BEND COUNTY, TEXAS**

_____

**APPELLANT'S BRIEF**

_____

Appellants, Southwest Pipe Services, Inc. and Joe Briers submits their brief. Appellants will be referred to as Appellants or SWP. Appellees will be referred to as Appellees or Sunbelt.

## STATEMENT OF THE CASE

### A.  Overview of Facts

Joe Briers is the owner of Southwest Pipe Services, Inc. (SWP).  SWP is a company that removes abandoned oil, gas and water pipelines, cleans the pipe in accordance with EPA standards, and resells the pipe on the secondary market.

SWP rented equipment from Sunbelt for the removal of a pipeline in Upshur County, Texas. (Upshur pipe) SWP hired an independent contractor, Rodney Beshears, to remove the pipeline. Immediately thereafter Beshears started removing the Upshur pipe and began selling it out the back door to a local scrap dealer.  SWP refused to pay for the rental equipment because SWP did not utilize the rental equipment. Sunbelt filed suit against SWP for breach of contract. SWP answered then filed a Motion to Leave to Designate a Responsible Third Party designating Rodney Beshears as a responsible third party. Sunbelt failed to file a response to SWP's motion, thus Beshears was designated as a responsible third party as a matter of law. Sunbelt never contested the designation and has not cross-appealed the order granting Beshears as a responsible third party.

Sunbelt filed a Motion for Summary Judgment (First Motion) on July 21, 2014 and set the Motion for oral hearing on September 3, 2014.  SWP responded to Sunbelt's First Motion, and in response, Sunbelt passed the hearing and reset the First Motion to October 7, 2014 per correspondence dated September 3, 2014.

On September 19, 2014 Sunbelt filed an Amended Motion for Summary Judgment (Second Motion), attempting to correct the errors complained of in SWP's Response. The Second Motion was set for hearing on November 12, 2014. SWP filed a response to the Second Motion that mimicked the Response to the First Motion, except for the objection of the lack of the business records affidavit that was made in the response to the First Motion. Sunbelt filed no reply or objection to SWP's response to the First Motion or the Second Motion.

The Court heard Sunbelt's Second Motion on November 12, 2014. The Court granted Sunbelt's Motion. There was no record of the hearing.

.

## QUESTIONS PRESENTED

**I.    THE COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF SUNBELT RENTALS, INC.**

## SUMMARY OF THE ARGUMENT

The Trial Court erred in granting summary judgment in favor of Sunbelt because a fact issue existed by virtue of Rodney Beshears being a designated a responsible third party.

On August 21, 2013, SWP filed a motion designating Rodney Beshears as a responsible third party. Sunbelt never filed a response to SWP's Motion.

Rodney Behshears is a responsible third party within the meaning of Texas Civil Practice and Remedies Code section 33.011(6) because said party caused or contributed to the harm for which recovery of damages is being sought. CPRC §33.011(6). Defendants are entitled to designate a responsible third party under Texas Civil Practice and Remedies Code section 33.004.

Any arguments against the applicability of CPRC 33.004 have been waived by the Plaintiff, as well as any complaints in this appeal. The Plaintiff's never filed a response to SWP's Motion to Leave. The Plaintiff never made an objection to the designation, even though it was used in the defense of both Motions for Summary Judgment and Appellees never filed a cross-appeal complaining of the designation of Rodney Beshears. For the Court to deny the designation, the Court would be stepping into the Appellees shoes and making objections that were never made and affording relief never requested.

SWP should be allowed to proceed with Beshears as a responsible third party.

# I. ARGUMENT & AUTHORITIES

The purpose of the summary judgment procedure is to permit the trial court to promptly dispose of cases that involve unmeritorious claims or untenable defenses. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). However, Texas law is sensitive to the notion that summary judgment should not allow a trial judge to infringe on the jury's role as the fact-finder. *See Huckabee v. Time Warner Entm't Co.,* 19 S.W.3d 413, 422 (Tex.2000). Summary judgment procedure should not deprive litigants of their right to a trial by jury or to try a case by affidavit and deposition testimony. *See Collins v. County of El Paso,* 954 S.W.2d 137, 145 (Tex.App.—El Paso 1997, pet. denied).

A non movant in a traditional summary judgment proceeding is not required to produce summary judgment evidence until after the movant establishes it is entitled to summary judgment as a matter of law. *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989). In considering a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmovant and must indulge every reasonable inference and resolve all doubts in favor of the nonmovant. *Nixon. v. Mr. Propery Mgmt. Co.,* 690 S.W.2d 546, 549 (Tex. 1985). The summary judgment procedure should not deprive litigants of their right to trial. *Collins v. County of El Paso*, 954 S.W.2d 137, 145 (Tex.App.—El Paso 1997, pet. denied).

The Trial Court erred in granting summary judgment in favor of Sunbelt because a fact issue existed by virtue of Rodney Beshears being a designated a responsible third party.

On August 21, 2013, SWP filed a motion designating Rodney Beshears as a responsible third party. Plaintiff never filed a response or objection to SWP's Motion.

The Civil Practices and Remedies Code states that a defendant must file a motion for leave to designate a responsible third party at least 60 days before the trial date. CPRC §33.004 (a). The Court **shall** grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the Motion is served. CPRC §33.004(f).

SWP filed its Motion on August 21, 2013. Sunbelt never responded within the time frame allotted by statute, therefore the motion was granted.

Rodney Behshears is a responsible third party within the meaning of Texas Civil Practice and Remedies Code section 33.011(6) because said party caused or contributed to the harm for which recovery of damages is being sought. CPRC §33.011(6). Defendants are entitled to designate a responsible third party under Texas Civil Practice and Remedies Code section 33.004.

Any arguments against the applicability of CPRC 33.004 have been waived by the Plaintiff, as well as any complaints in this appeal. SWP should be allowed to proceed with Rodney Beshears as a responsible third party.

## II.    CONCLUSION

The Court erred in granting summary judgment. A fact issue existed by virtue of Rodney Beshears being designated a responsible third party. Any complaints as to the applicability of CPRC 33.004 has been waived by Appellees. Therefore the Court should reverse the Court's order granting summary judgment and remand this matter for a new trial with Rodney Beshears as a responsible third party.

## III.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Southwest Pipe Service, Inc., Appellant, prays that this Honorable Court reverse the Trial Court's ruling granting summary judgment, remand this matter back to the trial court, allowing Rodney Beshears to remain a responsible third party.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Appellant's Brief was delivered to all counsel of record on the 26th day of June via Certified U.S. Mail, return receipt requested and/or via electronic service in accordance with the Texas Rules of Civil Procedure and the Texas Rules of Appellate Procedure. The documents were delivered to: **ORLANDO & ORLANDO,** Monica Schulz Orlando, 440 Louisiana, Ste 1110, Houston, Texas 77002; monicaorlando@orlandollp.com

_____
Jason A. Powers
State Bar No. 24027745
jpowers@powersandslay.com

CAUSE NO. NO. 01-15-00124-CV

IN THE

1st COURT OF APPEALS

HOUSTON

_____

SOUTHWEST PIPE SERVICES, INC. and JOE BRIERS

Appellant

vs.

SUNBELT RENTALS, INC.

Appellees

_____

APPEALED FROM THE COUNTY COURT AT LAW NO. 2 OF
FORT BEND COUNTY, TEXAS
_____

SIGNATUTRE PAGE
_____

14

This Brief is respectfully submitted by:

**JASON A. POWERS, ATTORNEY**



_____

**Jason A. Powers**
SBOT 24027745
P.O. Box 272425
Houston, Texas 77277
Tele:  (832) 647-8493
Fax:   (832) 415-0593
jason@jasonapowers.com
**Attorney for Appellants**


### THIS BRIEF CONTAINS _1172_ WORDS